**Opinion filed October 24, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00178-CV

_____

## IN THE INTEREST OF A.G., JR., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 9251-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of A.G., Jr.'s mother and father.  The father filed an appeal.  On appeal, he presents a single issue challenging the sufficiency of the evidence.  We modify and affirm.

*Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2018).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent

has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. *Id.*

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (Q). Specifically, the trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being and that Appellant had knowingly engaged in criminal conduct that resulted in his conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date that the petition was filed. *See id.* § 161.001(b)(1)(E), (Q). The trial court also found, pursuant to Section 161.001(b)(2), that termination of Appellant's parental rights would be in the best interest of the child. *See id.* § 161.001(b)(2).

On appeal, Appellant contends that the evidence is legally insufficient to support the finding made pursuant to subsection (E). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). We note that we must address Appellant's challenge to the finding made pursuant to subsection (E) even though Appellant does not challenge the trial court's best interest finding or the finding made pursuant to subsection (Q). *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (concluding that due process and due course of law require an appellate court to address grounds (D) and (E) when raised by the parent on appeal and also require the appellate court to detail its analysis on grounds (D) and (E)); *In re M.G.*, No. 11-18-00351-CV, 2019 WL 2426775, at *4 (Tex. App.—Eastland June 11, 2019, no pet.).

*Background Facts*

The record shows that the child at issue in this case was one year old at the time of the final hearing. The Department had removed the child from his mother's care due to the mother's drug use, the mother's physical abuse of the child, and the child's having tested positive for methamphetamine and amphetamine while in the mother's care. At the time of removal, Appellant was incarcerated; he had been convicted in 2017 of the offense of burglary of a habitation. Appellant was apparently unaware at the time of his conviction that the mother was pregnant with Appellant's child. When the Department determined that Appellant was the child's father, the Department sent forms and information to Appellant. The Department agreed that Appellant cooperated with the Department and did all of the services that he could do from prison. Appellant remained incarcerated throughout the entirety of the case; he was sentenced in 2017 to serve a term of confinement for seven years.

The Department also presented evidence that termination of Appellant's parental rights would be in the child's best interest.

*Analysis*

Appellant argues that the Department presented no evidence to support a finding under subsection (E) of Section 161.001(b)(1). We agree.

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 33 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct does not need to be directed

at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009).

Here, the record indicates that the child was born more than four months after Appellant was incarcerated. The Department presented no evidence that Appellant was aware that he even had a child until after the Department removed the child from the child's mother. The record is devoid of any evidence relating to Appellant's knowledge of the mother's drug use. Although there was some evidence that Appellant had a criminal history in addition to the conviction for burglary of a habitation, the extent of that criminal history was not proved at trial. The trial court sustained Appellant's objections to hearsay and speculation when the Department attempted to question the conservatorship caseworker about Appellant's criminal history; the trial court also pointed out that the Department's pleadings were not in evidence. The evidence fails to show that Appellant engaged in conduct or knowingly placed the child with someone that engaged in conduct that endangered the child's physical or emotional well-being.

We hold that the evidence is legally insufficient to uphold the trial court's finding as to Appellant under subsection (E). Consequently, we strike the trial court's finding made pursuant to subsection (E) as the Department failed to present clear and convincing evidence under that subsection. We sustain Appellant's issue to the extent that Appellant challenges the subsection (E) finding, but we decline Appellant's request to reverse the trial court's order of termination. The trial court made a finding pursuant to subsection (Q) and a finding that termination would be in the child's best interest. Appellant did not challenge these findings on appeal. Because the termination of Appellant's parental rights may be upheld on the unchallenged findings, we do not reverse the trial court's order. *See M.G.*, 2019 WL 2426775, at *4, *6.

*This Court's Ruling*

We modify the trial court's order of termination to delete ground (E) with respect to the father. As modified, the order of the trial court is affirmed.


JOHN M. BAILEY

CHIEF JUSTICE


October 24, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.